FILED IN CLERK'S OFFICE
U.S.D.C.- Newnan

AUG 18 2005

LUTHER D. THOMAS, Clerk
By:
Deputy Clerk

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Tyrone Smith,
        Petitioner,

vs.

United States of America,
        Respondent.

D.C. No.

3:00-CR-27-JTC

CV. No.

3:05-CV-079-JTC

Memorandum of Law In Support
of Petitioner's 28 U.S.C. § 2255
Motion To Vacate His Conviction
And Sentence. Fed. R. CV. P. (2005, Ed.)

        Tyrone Smith, Pro Se, respectfully sub-
mits this Memorandum of law in support
of Petitioner's 28 U.S.C. § 2255 motion to
vacate his ~~~~~~ conviction and Sentence
for "Constitutional, Jurisdictional and Struc-
tual Errors" involved during his trial and
Sentencing, as well as the defects concerning
the indictment; and Petitioner's Actual In-
nocent claims, and his "Constructive denial"
of effective assistance of counsel.

## Brief Case History

On or about October 4, 2000 a federal grand jury returned a four count indictment, charging Petitioner in only one count, that is, conspiracy to distribute five (5) kilograms of cocaine and at least fifty (50) grams of cocaine base (crack). However, the jury found Petitioner guilty of at least 500 grams of cocaine and at least 5 grams of cocaine base on February 25, 2002.

Petitioner timely appealed — The Eleventh Circuit affirmed on September 16, 2003. Petitioner filed for rehearing EN Banc, the same was denied on September 9, 2004. Certiorari to the Supreme Court was not filed.

Petitioner timely files this instant § 2255 motion to vacate. See Clay-v-United States, No. 01-1500, (3/04/03)(where the Supreme Court ruled that conviction becomes final when time for seeking certiorari expired).

## Ground One

Petitioner's Conviction And Sentence Under Count One Of The Indictment, Cannot Constitutionally And Jurisdictionally Stand, And Must Be Vacated - Because The Trial Jury Acquitted Him As To The Elements As Charged By The Grand Jury.

Petitioner asserts that the jury in his case, acquitted him as to the essential elements Charged by the Grand Jury, (i.e.) Tyrone Smith --- did Knowingly and intentionally distribute cocaine and cocaine base (Crack) --- Said conspiracy involved at least Five (5) Kilograms --- of cocaine --- also involved at least fifty (50) grams of cocaine base.). At trial, however, the jury in this case received three (3) instructions. The which told the jury that:

1) The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt. And there are three elements here. First, that the defendant knowingly and willfully possessed cocaine and cocaine base as Charged; Second that the defendant knowingly and willfully possessed at least Five Kilograms of cocaine and at least 50 grams

1.

of cocaine base or crack; and think that he possessed these substances with the intent to distribute them. T.T. at 11, par.(23-25) and at 12, par.(1-6) 2/25/02.

2) Now in some cases the crime which the defendant is charged with can be broken down into separate crimes, some of which are less serious than others. These are generally referred to as lesser included crimes. That's the situation with this case. T.T. at 12, Par. (7-11). 2/25/02.

3). If you should find the defendant not guilty of violating the crime charged in count 1 as described in these instructions, you should then proceed to decide whether the defendant is guilty or not guilty of lesser included offenses.

Now, the defendant can be found guilty of the first lesser included offense only if all of the following three facts are proved beyond a reasonable doubt: First, that the defendant knowingly and willfully possessed cocaine and cocaine base or crack as charged; Second, and this is the difference between this offense and the previous offense, that the defendant knowingly and willfully possessed at least 500 grams of cocaine

2.

and at least 5 grams of cocaine
base or crack; And Third, that he
possessed them with the intent to dis-
tribute them. If you should find
the defendant not guilty of

Violating this offense, the first in-
cluded lesser offense, then you should
proceed to decide whether the defen-
dant is guilty, or not guilty of the
Second lesser included offense. And
again, the difference in this offense
and the previous offense is deter-
mined by the amount of controlled
substance.

There are three elements that the
government must prove for the defendant
to be found guilty on the Second lesser
included offense --- Second that the
defendant knowingly and willfully pos-
sessed less than 500 grams of cocaine,
and less than 5 grams of cocaine base
or crack ---- T.T. at 12, par. (12-25)
and at 13, par. (1-12). 2/25/02.

First and foremost, "[a] federal court can-
not permit a defendant to be tried on charges
that are not made in the indictment against
him." Stirone -v- United States, 361 U.S. 212,
217, 4 L.Ed.2d. 252, 80 S.Ct. 270 (1960). Thus it
is a fundamental guaranty to be tried only
on changes made by a grand jury.
The Grand Jury Clause of the Fifth Amend-

ment states that: "[N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . . " U.S. Const. Amend. V.

The jury instructions in this case was "Structual error," because a jury instruction may not include an element of an offense if that element was not charged in the indictment. This is true, because Petitioner was clearly required to answer to a charge that were not brought by a grand jury, (i.e., a lesser included offense to possess at least 500 grams of cocaine and at least 5 grams of cocaine base or crack; and or possessed less than 500 grams of cocaine, and less than 5 grams of cocaine base or crack). The "Structual error" in these jury instructions in this case, violated the express language of the Fifth Amendment that "[N]o person shall be held to answer for a ... crime, unless on a presentment or indictment of a Grand Jury."

Accordingly, "[S]tructual errors require that a conviction, or sentence be set aside without any examination of prejudice because, among other things, it would be well-nigh impossible to determine the amount of harm. The harm cause by these types of error is surely greate, though, as when the defendant is deprived of counsel or when the

4.

trial judge is biased ----" United States-v-
Mojica-Baez, 229 F.3d.292, 309 (1st Cir. 2000),
See also, Arizona -v- Fulminate, 499 U.S. 279,
111, S.Ct. 1246 (1991)(Held, "---[A] criminal trial
marred by a Structural defect --- cannot re-
liably serve its function as a vehicle for
determination of guilt or innocence, and
no punishment [resulting from such a trial]
may be regarded as fundamentally fair."),
Thus "Structural Error" requires automatic
reversal of conviction and Sentence thereun-
der.

        Nevertheless, "[N]either instructions nor a
petit jury verdict can satisfy, after the fact
that the Fifth Amendment right to be tried
upon changes found by a grand jury." 
United States-v-Hooker, 841 F.2d.1225, 1232
(4th Cir. 1988). Here in this case, peti-
tioner was indicted by a federal Grand
Jury, for knowingly conspired to distri-
bute at least 5 kilograms of cocaine, and
at least 50 grams of Cocaine base (crack).
Id. at count one of the indictment, thus Not
lest than 5 kilograms of cocaine, and Not lest
than 50 grams of Cocaine base (crack), The
lesser included offense of the conspiracy
alleged in count 1 "[destroyed the defendant's
substantial right to be tried only on chan-
ges presented in an indictment returned by
a grand jury." Stinone -v-United States, 361
U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d.252 (1960),

Further, and of paramount importance, is that, the Fifth Amendment guaranty is to protect Petitioner's from facts not found, or perhaps not even presented to, the Grand Jury that indicted him. The jury verdict failed to find Petitioner guilty of the essential elements set forth in count 1 of the indictment, (i.e., at least 5 kilograms of Cocaine, and at least 50 grams of Cocaine base (crack)), But instead, returned a guilty verdict for an elements not charged, i.e, at least 500 grams of cocaine and at least 5 grams of cocaine base. Id. T.T. at 12, par.(12-25) and at 13, par.(1-12) 2/25/02.

Here, the jury acquitted Petitioner in regard to the First instruction, that he knowingly distributed 5 kilo's of cocaine, and 50 grams of Cocaine base. Because the jury acquitted Petitioner of the charge as indicated above; Petitioner's remaining conviction should be vacated because the court impermissibly broadened the terms of the indictment in violation of his Fifth Amendment right to a grand jury indictment. "[E]ver since Ex Parte Bain was decided in 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." Stirone -v- United States, 361 U.S. 212, 215-16, 80 S.Ct. 270 (1960),

Nevertheless, Petitioner's conviction must rest on the charge specified in the indictment, not on some other charge. The Grand Jury limited the government to proving that he "knowingly distributed 5 kilo's of cocaine and 50 grams of cocaine base." Id. Count 1 of the indictment. However, there's a substantial factual difference between "at least 5 kilo's and at least 50 grams;" and "at least 500 grams, and at least 5 grams," is great enough that it allowed Petitioner to be convicted of a crime for which he had not been indicted. Simply because the facts leading to the conviction arose out of the same incident does not mean that Petitioner was not impermissibly convicted of a separate crime.

Here, Petitioner was indicted by the Grand Jury on a very specific charge (at least 5 kilo's of cocaine and 50 grams of cocaine base) and then convicted under a less specific offense (at 500 grams of cocaine, and at least 5 grams of cocaine base) that arose out of the same factual incident. However, the jury acquitted Petitioner of specific crime for which he had been indicted. See United States v. Salinas, 654 F.2d 319, 319, 324 (5th Cir. Unit A August. 1981). Just as in Salinas, the district court gave the jury instructions that allowed them to convict Petitioner for any amount of "cocaine and "cocaine base." This is a different and separate offense that was

7.

not changed in the Grand Jury indictment in case at bar.

Thus, though petitioner's conviction arose from the same factual incident, the difference between the specific details of the indictment and the general jury instruction of the lesser included offense in a conspiracy change, is to great to survive the requirements of the Fifth Amendment. Here, petitioner was convicted for which he was not indicted. See United States v. Doucet, 994 F.2d. 169, 172-73 (5th Cir. 1993) (holding that constructive amendment of indictment occurred when defendant was indicted for possession of unregistered assembled machine gun, but prosecutor defined machine gun at trial and in jury instruction to include possession of unassembled machine gun parts).

Here in this case, the indictment failed to change the offense for which petitioner was convicted. The jury instruction included all sorts of quantity of drugs. Petitioner's indictment did not allege three different offenses, one which was rejected by the jury. Rather, petitioner was changed in a single-count of the indictment, which alleged a single specific offense. The instructions of a lesser included offense, clearly broadened the possible bases for conviction from that which appeared in the indictment returned by the Grand Jury. See Fifth Amendment, U.S. Const.

Consequently, the government chose to indict Petitioner for (at least 5 kilograms of cocaine and at least 50 grams of cocaine base), and it is not permitted to shift its theory of the case to a separate, independent criminal offense without obtaining a separate indictment. Stirone, confirms, that allowing the jury to convict Petitioner for (at least 500 grams of cocaine, and at least 5 grams of cocaine base) is a conviction for an "offense not charged in the indictment," Stirone, 361 U.S. at 213, 80 S.Ct. 270.

Accordingly, the failure of the indictment to allege a federal crime, (i.e., at least 500 grams of cocaine, and at least 5 grams of cocaine base) cannot be cured by proof at trial by any means, because the petit jury cannot consider an element if it was not first presented to the Grand Jury and was alleged in the indictment... As required by the Fifth Amendment. This constitutional right to be tried only on charges presented in an indictment returned by a grand jury is not subject to "waiver, procedurally default, or harmless error analysis."

Do to Petitioner's acquittal of the offense as charged in count 1 of the indictment, his conviction and sentence cannot constitutionally and jurisdictionally stand as it does, and must be vacated as a void judgment, because it was a Nullity for the out set.

9.

This is True, because "[I]t is much a denial of due process to send an accused to prison following conviction for a charged that was never made, as it is to convict him upon a charge for which there is no evidence to support that conviction." Gregory -v- Chicago, 394 U.S. 111, 112, 89 S.Ct. 946 (1969), "[W]here rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda -v- Arizona, 384 U.S. 436, 86 S.Ct. 1602 (196 ).

Finally, Petitioner asserts that he did not waive his right to a Grand Jury indictment in this case at bar. Consequantly, "[W]aiver of an indictment is an act clothed in formality --- The waiver must be made in open court, defendants must be informed of the nature of and cause for the accusation, and the court must be satisfied that the defendants waive their rights knowingly, intelligently and voluntarily." United States -v- Ferguson, 758 F.2d. 843, 850-51 (2nd Cir. 1985). Here, the record before this court is void of any such waiver from Petitioner that, he knowingly, intelligently and voluntarily waived his right to be "tried and convicted" only upon charges presented by a Grand Jury indictment.

In sum, unless the right to be charged by indictment containing all of the material elements of an offense is voluntarily, intelligently, and knowingly waived by the defendant, the indictment as returned limits the scope of the district court's jurisdiction to the offense charged in the indictment. If the district court acts beyond its jurisdiction by trying, accepting a guilty plea from, convicting, or sentencing a defendant for an offense not charged in the indictment, this court must notice such error and act accordingly to correct it, regardless of whether the defendant has raised the issue. Thus the inclusion of all elements, (i.e., at least 500 grams of cocaine, and at least 5 grams of cocaine base) derives from the Fifth Amendment, which requires that the Grand Jury have considered and found all elements to be present. See Stirone -v- United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. 2d. 252 (1960)

## Ground Two

Petitioner's Conviction And Sentence Under Count One of The Indictment Must Be Vacated As Void - Because It Failed To Charge The Mens Rea Jurisdictional Elements "Unlawful"

11.

Petitioner asserts that his conviction and sentence under count one of the indictment, must be vacated as void - because it failed to charge the _Mens Rea_ essential jurisdiction elements "Unlawful" as contemplated by the terms of the statutory language. See Title 21 U.S.C. § 841 (a)(1) as shown below in relevant parts:

§ 841. Prohibited acts A.

(a) Unlawful acts

Except as authorized by this subchapter, _it shall be unlawful_ for any person knowingly or intentionally—

To establish a violation of § 841 (a)(1), the Government must charge and prove "beyond a reasonable doubt," that Petitioner acted "Unlawful" in conspiring to distribute cocaine and cocaine base (crack) as alleged in count one of the indictment. See _In re Winship_, 397 U.S. 358, 364, 90 S.Ct. 1068 (1970) ("---the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). Thus the Statutory requirement for the inclusion of the terms "[i]t shall be _unlawful_" was to insure that a person (such as Petitioner) receives fair notice that, his conduct is not au-

12.

thorized by the "United States Attorney General," and the same will subject him to punishment, if his alleged conduct proves to be "Unlawful" (unauthorized) beyond a reasonable doubt.

"The starting place for any determination of whether the charged conduct proscribed by such a statute is a reading of the language of the charging instrument and the statute itself," United States -v- Morales-Rosales, 838 F.2d. 1359, 1361 (5th Cir. 1988)(quoting Williams -v- United States, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed. 2d. 767 (1982). Here in this case, the government failed to offere, or prove that Petitioner's alleged conduct was "Unlawful" hence, unauthorized by the U.S. Attorney General. Moreover, the federal Grand Jury that returned the indictment against Petitioner, was satified that his alleged conduct in the conspiracy, did not amount to an Unlawful act.

The Fifth Amendment thus requires that a defendant be convicted only on charges considered and found by a Grand Jury. Failing to enforce this requirement would allow a court to guess as to what was in the minds of the Grand Jury at the time they returned the indictment." Russell -v- United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed. 2d. 240 (1962). Such guessing would

"deprive the defendant of a basic protection that the Grand Jury was designed to secure." Russell, 369 U.S. at 770, 82 S.Ct. 1038. This court may only guess whether the Grand Jury received evidence that Petitioner's alleged conduct was not authorized by the U.S. Attorney General, thereby, his conduct becomes an "unlawful" act, and actually passed on Petitioner's unauthorized and unlawful conduct.

This court may never know if the Grand Jury would have been willing to ascribe criminal intent, i.e., Petitioner's alleged conduct was not authorized by the U.S. Attorney General, thereby, his conduct is unlawful under federal law). The requirement of notice derives from Petitioner's Sixth Amendment right to be informed of the nature and cause of the accusation. The inclusion of all elements also derives from the Fifth Amendment, which requires that the grand jury have considered and found all elements to be present. In all federal felony cases these conjunctive requirements are inseparable. Thus, do to the indictment failure to allege the unlawful element of the statutory offense --- did not satisfy the Sixth Amendment notice requirement, and the Fifth Amendment mandate that all the elements of the offense have

been considered and found by the Grand Jury.
See *Stinone -v- United States*, 361 U.S. 212,
80 S.Ct. 270, 4 L.Ed. 2d. 252 (1960)

Accordingly, count one of the indictment
failed to charge the essential *mens rea* elements
"unlawful" in words or similar import to
put Petitioner on Notice and inform him, that
his conduct was Not authorized by the U.S.
Attorney General, therefore, his conduct would
be a crime against the laws of the United
States. This is true, because a violation of
21 U.S.C. § 841 (a)(1) can be either lawfully
or unlawfully committed. Therefore, "Where
an act may be either lawful or unlawful,
the indictment must alleged that it was
done unlawfully." *Middlebrook -v- United
States*, 23 F.2d. 244, 245 (5th Cir. 1928) See
*Bonner -v- City of Prichard*, 661 F.2d. 1206,
1209 (11th Cir. 1981) en banc (The Eleventh
Circuit adopts as binding precedent all of
the decisions of the former Fifth Circuit
handed down prior to the close of business
of September 30th, 1981), See also, *United States
-v- Scott*, 993 F.2d. 1520 (11th Cir. 1993)(Held,
"The indictment violated defendant's right
to be apprised of crime of which he
was charged, as it did Not alleged that
detention of mail was committed unlaw-
ful --- lacking *mens rea* element, count
one did not state an offense.").

Moreover, "jurisdictional defects such

as an indictment failure to charge an offense is not waived. --- " United States v. Cabrera-Teran, 168 F.3d. 141, 143 (5th Cir. 1999). Hence, jurisdictional defects in the indictment are not waivable in the first instance. "[E]ven though defendant did not raise his argument that count failed to charge an offense in the prior appeal, this argument has not been waived. If an indictment does not charge a cognizable federal offense, then a federal court lacks jurisdiction to try a defendant for violation of the offense." United States v. Adesida, 129 F.3d. 846, 850 (6th Cir. 1997), See also, Howard v. United States, 374 F.3d. 1068, 1071 (11th Cir. 2004) (Held, "[W]e not that a jurisdictional defect cannot be waived or procedurally defaulted and that a defendant need not show cause and prejudice to justify his failure to raise one.").

Consequently, "[a] jurisdictional defect is one that strip[s] the court of its power to act and makes its judgment void --- a judgment tainted by a jurisdictional defect must be reversed." Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d. 407, 412 (11th Cir. 1996). Thus do to this omitted jurisdictional element, "unlawful" from the indictment, the mens rea statutory element of § 841(a)(1) - Petitioner's conviction must be vacated as void. See Liparola v.

16.

United States, 471 U.S. 417, 105 S.Ct. 2084 (1985) (Held, "The government had to prove the defendant knew he was acting in a manner not authorized by statute, i.e, knew that he was acting unlawfully.") and Ratzlaf-v-United States, 510 U.S. —, 114 S.Ct. 655 (1994)(Held, "We conclude --- to give effect to the statute --- the government had to prove Ratzlaf knew the structuring he undertook was unlawful.")

Notwithstanding, if this court determines that the unlawful element of 21 U.S.C. § 841(a)(1) is ambiguous, this court must apply the "Rule of Lenity" to resolve any uncertainty of this element. See Rewise --- United States, 404 U.S. 808, 812, 91 S.Ct. 1056 (1971) (Held, "ambiguity concerning the meaning of a penal statute, should be resolve in favor of lenity."). Further, "[w]here a statute language is plain, the sole function of the court is to enforce it according to its terms." United States -v- Ron Pair Enter. INC., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed. 2d. 767 (1982).

## Ground Three

Petitioner's Conviction And Sentence Under Count One For Violation Title 21 U.S.C. § 846 - Conspiring To Violate 21 U.S.C. § 841(a)(1) Cannot Constitutional And Jurisdictionally As It Does, And the Same Must Be Vacated

As "Void-For-Vagueness" Under The
Due Process Clause of The U.S. Const.

Petitioner asserts, as he must, that 21
U.S.C. §§ 846 and 841(a)(1) are unequivo-
cally "Void-For-Vagueness," and his con-
viction and sentence thereunder, must be
vacated because neither can constitu-
tionally and jurisdictionally stand under
the doctrine of Void for Vagueness in the
first instance. This is true, because the doc-
trine requires that a penal statute (§§ 846
and 841(a)(1)) define a criminal offense and
its penalties to be imposed upon its violators
with sufficient definiteness, that ordinary
people such as Petitioner can understand,
what conduct on his part is prohibited
and the penalty to be imposed, for example,
(a sentence of imprisonment, probation, or
a criminal fine), for conspiring to vio-
late the unlawful act.

Second, the argument set forth in this
ground for relief, is NOT an attack upon
the constitutionality of 21 U.S.C. §§ 846
and 841(a)(1), nor Congress authority and
power to enact the "Controlled Substance
Act." This argument is quite the contrary,
(i.e., §§ 846 and 841(a)(1) as charged in
the indictment, as it they now read, are
unequivocally "Void-for-Vagueness"). Thus, these

18.

Sections as presently drafted and interpreted by the Courts, does not define a "Controlled Substance" nor do they contain a penalty provision annexed therein to be imposed upon any one who violates § 846 or § 841 (a)(1), 21 U.S.C. Fed. R. Cim. P. (2000, Edition).

For a more definitive view as to the void-for-vagueness argument, see Section 846 as shown below in relevant parts:

"Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those proscribed for the offense, the commission of which was the object of the attempt or conspiracy."

Likewise, Section 841 (a)(1) reads:

(a) Unlawful acts

"Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally —"

(1) "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

After a review of the above indicated, this court will have to conclude that

19.

§ 846 and § 841 (a)(1) are unequivocally, as here, void-for-vagueness, (i.e., neither of which defines a "Controlled Substance" nor contain or set forth a penalty to be impose upon its violators, such as a sentence of imprisonment, or a criminal fine in dollar amounts, or both).

Nevertheless, the Due Process Clause of the Federal Constitution, stands for the principle that "[N]o one may required at peril of life, liberty or property to speculate as to the meaning of a penal statute. All are entitled to be informed as to what the statute commands or forbids." Bouie -v- City of Columbia, 378 U.S. 347, 351, 84 S.Ct. 1697 (1964); "Elementary notions of fairness enshrined in our Constitutional jurispudence, dictates that a person (such as Petitioner) receives fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty a [Statute] may impose." BMW of North America, Inc., -v- Gore, 517 U.S. 559, 574, 116 S.Ct. 1589. See also, Keppel -v- Tiffin Savings Bank, 197 U.S. 356, 362, 25 S.Ct. 443, 445 (Here, "One is not to be subject to a penalty unless the words of the statute plainly impose it.").

Here in this case, Petitioner was indicted for violating 21 U.S.C. § 846 (i.e., conspiring to violate 21 U.S.C. § 846 (a)(1)),

Neither of which contains a penalty pro-
vision therein, in words or similar import,
nor described or defined a "Controlled
Substance," to escape its violation of
the doctrine of "Void-For-Vagueness."
See also, "American Jurisprudence," 21 Am.
Jur. 2d. Section 5, as shown below in rele-
vant portions:

> "To constitution a crime, the
> Act in question must ordinarily
> be one to which is annexed
> upon conviction, a specified punish-
> ment. A [S]tatute declaring an
> Act unlawful, but proscribing NO
> penalty, does not create a Crime."
> Id.

Accordingly, Petitioner's conviction cannot
constitutionally and jurisdictionally stand,
nor his Sentence of Three hundred (300)
months imprisonment, followed by four
years of supervised release, both of
which should be vacated as a Void
judgment, because they were a Nullity
from the out set. For further Support
as to Petitioner's Void For-Vagueness
argument as to the above indicated
Statutes, read the excerpts from the oral
arguments held in Edwards-v-United
States, 532 U.S. 511, 118 S.Ct. 1219 (1998), in
the "Criminal Law Report" (62 Crl. 3176,
3/04/99), volume 62 at 3176-77; The

Quotes of Justice Scalia of the United States Supreme Court shown below in relevant parts:

"[T]here are no penalties in Section 841 (a)(1), therefore, Section 841 (a)(1) cannot be the object of the conspiracy under the language in Section 846 --- Well, it can't define the offense if, indeed, as you just read, you are to be punished with the same penalties as those proscribed for the offense. There are [N]o penalties proscribed for § 841 (a)(1).

When you read § 841 (a)(1), you have No idea what the penalties are, so that cannot be the offense --- referred to in § 846 --- But you have before you § 846 which you just read, which says any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those proscribed for the offense. There are No penalties for the offense of violating § 841 (a)(1) and you can't tell me what the penalty is proscribed for that --- you have to go down to § 841 (b) to figure it out."

However, if this court determines Sections 846 and 841 (a)(1) are ambiguous

as they now stand, the "Rule of Lenity," must be applied in the interest of justice, when "[a]mbiguity concerning the ambit of a criminal statute, should be resolved in favor of lenity." <u>Lewis -v- United States</u>, 401 U.S. 808, 812, 91 S.Ct. 1056 (1971), and <u>Hughey -v- United States</u>, 495 U.S. 411, 110 S.Ct. 1979 (1990) ("The Rule of lenity principles demand resolutions of ambiguities in criminal statutes to be resolved in favor of the defendant.").

        Accordingly, Petitioner's conviction and sentence must be vacated as a void judgment.

## GROUND FOUR

        The District Court Lacked Jurisdictional Authority To Enhance Petitioner's Sentence For Cocaine Base 100:1 Ratio For "Crack Only" Enhancement Under U.S.S.G. § 2D1.1 (c)(D), Pursuant To 21 U.S.C. § 841 (b)(1)(A)(iii) Fed. R. Cm. P.

        Petitioner asserts that the district court lacked jurisdictional authority to enhance his sentence for cocaine base 100:1 ratio for "Crack Only" enhancement under U.S.S.G. § 2D1.1 (c)(D). This is true,

because the Government in this case, failed to establish and prove that the substance in question was "Crack" cocaine base as oppose to some other form of cocaine base, by a preponderance of the evidence during Petitioner's sentencing proceedings.

Here, count one of the indictment charged that Petitioner distributed at least 50 grams of "Cocaine base" (crack). Id. Therefore, the Government was required to prove by the Constitution Grand Jury indictment Clause, that the "cocaine base" as alleged in count one, was in fact "Crack" Cocaine base for purposes of 100:1 ration for "Crack" enhancement only to apply: i.e, was the cocaine base prepared (manufactured) by processing cocaine "hydrochloride and Sodium Bicarbonate" and was it "Smokeable" form of cocaine base, as oppose to some other form of cocaine base. See United States -v- James, 78 F.3d. 851, 857-58 (3rd Cir. 1996) (Held, "This court must reach the issue of whether the statutory Guidelines definition of 'cocaine base' as crack requires the government to show by a preponderance of the evidence that the substance in question was actually crack --- James contends that only this last form of cocaine base, the Sodium bicarbonate form,

is subject to the sentencing enhancement.---The government failed to prove by a preponderance of the evidence that the form of cocaine base James sold was actually crack.").

However, until 1993, the Sentencing Guidelines did not define "Cocaine base." In 1993 a difinition of cocaine base was added to the Guidelines — The amendment reads:

> "Cocaine base, for purposes of this guideline, means 'Crack.' Crack is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and Sodium bicarbonate, and usually appearing in a lumpy, rocklike form." Id. § 2D1.1 (c)(D) U.S.S.G.

Accordingly, the 1993 amendment to the Sentencing Guidelines limits the sentence enhancement to cases in which the "Crack form of cocaine base is proved by the preponderance of the evidence, (i.e., the cocaine base was prepared "Manufactured" by processing Cocaine hydrochloride and Sodium Bicarbonate Together, and that it was "Smokeable" for the establishment of "Crack" for the 100:1 Ratio sentencing enhancement to apply). See e.g., United States v. Adams, 125 F.3d. 586, 590-92 (7th Cir. 1997)(Held, "---the 1993 amendment

25.

to the Sentencing Guidelines limits the Sentence enhancement to cases in which the 'Crack' form of cocaine base is proved --- we find the reasoning of the 'Eleventh Circuit' Munoz-Realpe opinion persuasive and agree with the Eleventh Circuit, that under the new definition of cocaine base found in the guidelines that, only the form of cocaine base which is crack is eligible for the enhanced sentence."). See also, Patterson-v-New York, 432 U.S. 197, 53 L.Ec.2d. 281 (1977) (Held, the Government "must prove every ingredient of an offense beyond a reasonable doubt, and it may not shift that burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense.").

Here, petitioner was prejudiced by the 100:1 ratio crack only enhancement he received during his sentencing proceedings; In which the Government failed to offer evidence that would tend to prove that the substance in question was in fact crack, (i.e.,) No witnesses such as the DEA, informants, or a police chemist testimony concerning its chemical analysis performed on the drugs in question). See United States-v-Munoz-Realpe, 21 F.3d. 375, (11th Cir. 1994)(Held, "importation of six bottles of liquid cocaine base should be treated as cocaine hydrochloride-powder cocaine").

See also, United States-v-Brisbane, 367 F.3d. 910, 911-13 (D.C. Cir. 2004)(The Brisbane decision is instructive in resolving the issue complained of at bar: "The problem is that, chemically cocaine and cocaine base means the same thing --- Because cocaine and cocaine base carry the same chemical meaning, the word base merely refers to the fact that cocaine is a base. The statute appears ambiguous, providing two sets of penalties for the same offense ----").

The Brisbane decision stands for the principle that, if you can't "smoke" it, its not crack cocaine. The jurisdictional question at issue in this case; did the government offer prove-evidence that the substance was "crack" for 100:1 ratio enhancement only to apply to Petitioner? Thus do to the government's failure to offer one shred of evidence at Petitioner's sentence, that the cocaine base in this case was "crack" by a preponderance of the evidence. This error was fatal. Because without such proof, it can only be said, that the government's proof only established a lesser included offense of cocaine "hydrochloride" powder cocaine only.

Accordingly, this court should apply the rule of lenity to resolve any ambiguity as to the Government's failure

to offer proof of crack cocaine, i.e., the substance was prepared by processing (manufacturing) "Cocaine hydrochloride and "Sodium Bicarbonate" together and that it was "Smokeable" for the establishment of "Crack" in order to apply 100:1 ratio enhancement for crack only to apply in the instant case at bar.

Therefore, Petitioner's enhanced sentence for "crack" must be vacate as a void judgment.

## Ground Five

Petitioner's Conviction As To Count One of The Indictment must Be Vacated - Because The Trial Court Constructively Amended The Indictment During Its Final Instructions To The Jury

Petitioner asserts that his conviction as to count one of the indictment returned by the Grand Jury, must be vacated because the trial court constructively amended the indictment during its final instruction to the jury in this case.

Specifically, the Honorable Jack T. Camp, U.S.D.J., instructed the jury that they could convict Petitioner on an es-

sential element not charged in the bill of in-
dictment returned by the Grand Jury in
this case, i.e., "If you should find the de-
fendant not guilty of violating the crime
charged in count one as described in the
instructions, you should then proceed to
decide whether the defendant is guilty
or not guilty of lesser included offense
--- that the defendant knowingly and
willfully possessed at least '500' grams of
cocaine and at least '5' grams of cocaine
base or crack." Id. T.T. at 12, par(12-23).

Here in this case, count one of the in-
dictment returned by the Grand Jury, charged
Petitioner knowingly and intentionally to
distribute at 5 kilograms (not less than that
amount) of cocaine, and at least 50 grams
(not less than that amount) of cocaine
base (crack). Id. The corollary of all
this, however, is that the trial court con-
structively amended the indictment, by
broaden legal bases for conviction, i.e., by
presenting the trial jury with more or dif-
ferent offenses than the Grand Jury ch-
arged. Thus the Courts instruction as
to count one, resulted in an imper-
missible constructive amendment to the
indictment and reversal is automatic.
Here, it is the broadening of the indict-
ment itself that is important - Nothing more.

29.

This court should interpret Stirone -v- United States, 361 U.S. 212, 80 S.Ct. 270 (1960), to mean that a constructive amendment of the indictment as here, constitutes per se reversable error. Plainly and simply, "[a] federal court cannot permit a defendant to be tried on charges that are not made in the indictment against him." Stirone, 361 U.S. at 217, 80 S.Ct. at 273. Consequently, "[P]articularly in a criminal trial, the judge's last word is apt to be the decisive word." Bollenbach -v- United States, 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). Thus the question of whether the jury would have reached the same verdict absent the constructive amendment, is utterly meaningless, inasmuch as the structural error in the courts instruction cause the to have never reached a constitutional verdict to begin with.

Here, it is utterly meaningless to posit that any national grand jury could or would have indicted Petitioner for (at least 500 grams of cocaine and at least 50 grams of cocaine base (crack), because its plain that this grand jury who returned the instant indictment did not, and, absent waiver, a constitutional verdict cannot be had on an unindicted offense. The Structural error in the in-

30.

Struction affected Petitioner's substantial right to a grand jury indictment—after all, the Supreme Court has already said that it does: a constructive amendment "[d]estroys the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." <u>Stirone</u>, 361 U.S. at 217, 80 S. Ct. at 273. "The right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." Id. at 218-19, 80 S. Ct. at 274 (emphasis supplied).

Nevertheless, the trial court instruction to the jury that they could still convict Petitioner of count one, if they find him not guilty of violating the crime charged in count one — they could convict him of a different crime than the one for which he was charged; clearly violated the "Grand Jury Clause" of the Fifth Amendment right to a grand jury indictment which reads:

"[N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V.

Moreover, Petitioner did not waive his

31.

right to a Grand Jury indictment, to be tried, convicted, and sentence only upon charges presented by the Grand Jury indictment in case at bar. However, "[w]aiver of an indictment is an act clothed in formality. The waiver must be made in open court, defendant must be informed of the nature of and cause for the accusation, and the court must be satisfied that the defendants waive their rights knowingly, intelligently and voluntarily." United States -v- Ferguson, 758 F.2d. 843, 850-51 (2nd Cir. 1985). Indeed, the record before this court is Void of any such waiver.

Accordingly, "[a] criminal trial marred by a Structural defect — cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment [resulting from such a trial] may be regarded as fundamentally fair." Arizona -v- Fulminante, 499 U.S. 279, 111 S.Ct. 1249 (1991). "[S]tructural errors require that a conviction, or sentence, be set aside without any examination of prejudice because, among other things, it would be well-nigh impossible to determine the amount of harm. The harm cause by these types of error is surely great, though, as when the defendant is deprived of counsel, or when

32.